UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES MATZNER,<br><br>                      Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., and DOES 1 to 10 INCLUSIVE,<br><br>                      Defendants. | Case No.: 23-CV-1015 TWR (KSC)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, CENTRAL DIVISION**<br><br>(ECF No. 1) |

      On June 5, 2023, the Court ordered Defendant Citibank, N.A. ("Citibank") to show cause within fourteen days why this action should not be remanded to the Superior Court of California, County of San Diego for lack of subject-matter jurisdiction. (*See* ECF No. 4, "OSC.")  Citibank timely responded on June 14, 2023. (*See* ECF No. 7, "Resp.")  After carefully considering Citibank's Response, Plaintiff Andres Matzner's Complaint (ECF No. 1 at 6–15, "Compl."), and the relevant law, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of San Diego, Central Division.

## BACKGROUND

      Proceeding pro se, Plaintiff initiated this action in the Central Division of the San Diego County Superior Court on February 9, 2023. (*See* Compl. at 11.)  The Complaint alleges two common law causes of action for "general negligence" and "intentional tort."

(*See generally* Compl.)  Plaintiff served Citibank with the Complaint and Summons on May 3, 2023.  (ECF No. 1 at 1–3, "NOR" ¶ 3.)

On June 1, 2023, Citibank timely removed this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(b).  (*See generally* NOR.)  In short, the Notice of Removal asserts that this Court has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.  (*See id.* ¶¶ 4–6.)

In response to the allegations in Plaintiff's Complaint and Defendant's Notice of Removal, on June 5, 2023, the Court ordered Citibank to show cause why this action should not be remanded to the Superior Court for lack of subject-matter jurisdiction.  (*See generally* OSC.)  Specifically, the Court required Citibank to "establish[] by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold of $75,000."  (*See id.* at 4.)  Citibank filed a Response to the Order to Show Cause on June 14, 2023.  (*See* Resp.)

Meanwhile, on June 7, 2023, Citibank filed a Motion to Compel Arbitration.  (*See* ECF No. 5.)  The Court set the Motion for a hearing on August 17, 2023, and ordered responsive briefing.  (*See* ECF No. 6.)  Plaintiff has not yet filed an opposition to the Motion nor made an appearance before this Court.  (*See generally* Docket.)

## LEGAL STANDARD

As explained in the Court's Order to Show Cause, a suit filed in state court may only be removed to federal court if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. §1441(a).  This is because "[f]ederal courts are courts of limited jurisdiction."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Typically, federal courts only have subject-matter jurisdiction if a case presents a federal question, *see* 28 U.S.C. § 1331, or if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a).

Because there is a "strong presumption" against removal to federal court, "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (first citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); and then citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). If a defendant removes an action based on diversity jurisdiction and the amount in controversy is unclear from the complaint, "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 199 (1936); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("'[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." (quoting 28 U.S.C. § 1446(c)(2)(B))); *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal courts have "an independent obligation to address *sua sponte* whether [they] have subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." *See Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Citibank maintains that this Court has diversity jurisdiction over the instant action because "complete diversity of citizenship exists," (*see* NOR ¶ 5), and "Plaintiff seeks damages in excess of $150,000.00," (*see id.* ¶ 6; *see also* Resp. at 3). Although the complete diversity of the Parties is not in dispute, the Complaint is not clear as to the amount in controversy. Plaintiff brought this action in state court as "an unlimited civil

case," meaning he believes the amount in controversy exceeds $25,000, (*see* Compl. at 6), but the Complaint's prayer for relief does not seek a specific amount of damages, (*see id.* at 8). Instead, it seeks an unspecified amount "according to proof." (*See id.*)

Nonetheless, Citibank asserts it "had a reasonable belief that Plaintiff's request for damages met the $75,000 diversity threshold," (*see* Resp. at 3), because Plaintiff's Complaint alleges, amongst other things, that "approximately $150,000 was withdrawn from [Plaintiff's] account without his knowledge or authorization [and] transferred to Robinhood Financial LLC," (*see* Compl. at 9). Nowhere in the Complaint, however, does Plaintiff seek $150,000 from Citibank. In the "descriptions of reasons for liability" on the negligence claim, Plaintiff explains that he opened an account at Defendant's bank and deposited $490,000 in June 2022. (*See id.*) One to two months later, $150,000 was automatically withdrawn by Robinhood Financial LLC. (*See id.*) Plaintiff disputed this transaction with Citibank, which allegedly "promised to return the unauthorized amount." (*See id.*)

Shortly thereafter, Citibank closed Plaintiff's account for undisclosed reasons and stated that its decision would either be finalized or reversed in three months. (*See id.*) At that same time, Citibank "withdrew the remaining balance on both of Mr. Matzner's accounts"—totaling approximately $37,000—which Citibank allegedly promised to return to Plaintiff after reaching a final decision on the account closure. (*See id.*) Ultimately, in December 2022, Citibank closed Plaintiff's account, but it failed to return his remaining balance or provide an explanation for the closure. (*See id.*) As a result, "Mr. Matzner thus alleges gross negligence in the mismanagement and proper return of his funds taken by [C]itibank N.A. which has resulted in a monetary loss of roughly $37,000 but for which Mr. Matzner is currently unaware of the exact amount as he is logged out of his online banking account." (*See id.*) Plaintiff also alleges that Citibank "failed to protect his account from unauthorized withdrawals" and failed to ensure that he "understood critical account terms and conditions." (*See id.*) Still, Plaintiff does not allege that these failures caused further monetary loss beyond the aforementioned $37,000.

Moreover, in the "descriptions of reasons for liability" on the intentional tort claim, Plaintiff does not make any mention of the $150,000 withdrawal. (*See id.* at 10.) Plaintiff discusses only Defendant's closure of his accounts and its withdrawal of "the remaining balance on both of Mr. Matzner's accounts[,] one account for roughly $35,000.00 and the other account for roughly $2,000.00, which was said to be returned to Mr. Matzner upon their final decision to close or not close Mr. Matzner's account." (*See id.*)

It is well established that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See, e.g., Gaus*, 980 F.2d at 566 (citing *Libhart*, 592 F.2d at 1064). Here, Plaintiff alleges that Defendant's "gross negligence . . . resulted in a monetary loss of roughly $37,000," (Compl. at 9), and the intentional tort claim alleges the same, (*see id.* at 10). While the Complaint makes mention of an improper withdrawal of $150,000 by Robinhood Financial LLC, Robinhood is not a Party to this action. Moreover, the Complaint never alleges that Citibank now owes Plaintiff those funds.

Therefore, the Court concludes that the allegations in the Complaint do not adequately establish that the amount in controversy exceeds $75,000. Further, Citibank's Response to the Court's Order to Show Cause does not "prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Rather, Citibank's Response merely alleges that it had a "good faith belief" that removal was proper. (*See* Resp. at 3.) Citibank does not, however, provide any new evidence to "prove" that the amount in controversy in fact exceeds the jurisdictional threshold. Accordingly, Citibank has failed to meet its burden of establishing subject-matter jurisdiction under 28 U.S.C. § 1332(a).

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of San Diego, Central Division, for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. 1447(c).

**IT IS SO ORDERED.**

Dated: July 7, 2023

*[signature]*
Honorable Todd W. Robinson
United States District Judge